**GRIFFITH et al. v. UNITED STATES.**
No. 44078.

Court of Claims.
May 6, 1940.

J. H. Ward Hinkson, of Chester, Pa., for plaintiffs.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendants.

Before WHALEY, Chief Judge, and WHITAKER, GREEN, and LITTLE-TON, Judges.

LITTLETON, Judge.

The Commissioner of Internal Revenue in an audit of the estate tax return first determined and held that the property involved in the transfers by the decedent, as disclosed and described in the findings, had been made to take effect in possession and enjoyment at or after death, but later, after the decision in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, in which it was held that the Joint Resolution of Congress of March 3, 1931, and section 803(a) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 641, could not be applied retroactively, the Commissioner rejected plaintiffs' claim for refund on the ground that the transfers constituted a testamentary disposition of property made in contemplation of death. We are of opinion from the facts established by the record, which so far as necessary to a proper determination of the question presented have been set forth in the findings and need not be repeated here, that the property transferred by the decedent on April 20, 1928, and June 20, 1929, were not transfers made in contemplation of death within the meaning of the applicable provisions of the revenue statute, and that plaintiffs are therefore entitled to recover the tax collected by reason of the inclusion of the value of such property in the gross estate. See findings 8, 10, and 11.

Counsel for defendant endeavor to sustain the action of the Commissioner in including the property in question in the gross estate on the ground that the transfers were testamentary in character and that, for that reason, the decedent must have made them in contemplation of death. In view of the facts disclosed by the record, this contention cannot be sustained. In United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 452, 75 L.Ed. 867, the court discussed at length the meaning of the term "in contemplation of death" and pointed out that the facts in each case must be carefully scrutinized to determine the dominant motive of the donor and that if the dominant motive is one that is associated with life, rather than with death, section 302(c) should not be held to be applicable. In this connection the court said: "The words 'in contemplation of death' mean that the thought of death is the impelling cause of the transfer * *. If it is the thought of death, as a con-

888

trolling motive prompting the disposition of property, that affords the test, it follows that the statute does not embrace gifts inter vivos which spring from a different motive." And, further, the court said: " * * * age in itself cannot be regarded as furnishing a decisive test, for sound health and purposes associated with life, rather than with death, may motivate the transfer."

The record in the case at bar discloses that paramount to all other considerations in the decedent's mind was the particular concern which he felt for his invalid daughter so far as the 1928 transfers are concerned; and the assurance of an adequate income for himself in later years so far as the 1929 transfers are concerned. These were the dominant motives which impelled the decedent to act, and any other considerations that might have occurred to him were purely incidental. Only by an inference altogether unwarranted under all the evidence of record could it be said that the decedent intended to effect a testamentary disposition, and to us it is clear from a consideration of all the evidence submitted that it cannot be said that the decedent in making transfers did so in contemplation of death. Harris Trust & Savings Bank et al. v. United States, 90 Ct.Cl. ——, 29 F.Supp. 876.

Judgment will be entered in favor of plaintiff for $11,818.31 with interest as provided by law. It is so ordered.